IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-

JACQUELINE HAYNES,

    Plaintiff,

v.

BRITTNEY MONTOYA AND ALLSTATE FIRE & CASUALTY INSURANCE,

    Defendant.

## NOTICE OF REMOVAL

    The Defendant, Allstate Fire and Casualty Insurance Company ("Allstate"), through its attorneys, Tucker Holmes, P.C., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits the following Notice of Removal to the United States District Court for the District of Colorado. In support thereof, Defendant states as follows:

    1.    On August 1, 2019, the Colorado Division of Insurance was served with Plaintiff's Complaint filed in the District Court, Adams County, State of Colorado, captioned, *Jacqueline Haynes v. Brittney Montoya and Allstate Fire and Casualty Insurance Company*, case number 2019CV31196. (See, *Complaint*, attached hereto as **Exhibit A**.)

    2.    Plaintiff, Jacqueline Haynes (hereinafter "Haynes"), filed her Complaint in Adams County District Court on or about July 29, 2019.

    3.    At all relevant times, Haynes was a citizen of the State of Colorado. (**Exhibit A**, ¶ 1.)

4. A copy of the Summons and Civil Case Cover Sheet served on Allstate are attached hereto as **Exhibit B** and **Exhibit C**.

5. At all relevant times, Allstate was a foreign corporation, incorporated in, and with its principal place of business in the State of Illinois. Allstate is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction.

6. The underlying event for Haynes's claim against Allstate is a motor vehicle accident involving Haynes on November 3, 2018. (See **Exhibit A,** ¶ 14; hereinafter "the Accident").

7. Haynes claims she is entitled to be compensated by Allstate for all damages she has incurred, including pain, suffering, loss of enjoyment of life, loss of earning capacity, permanency and/or impairment, and disability. (*See*, **Exhibit A**, ¶ 177)

8. When the complaint itself does not set forth the amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. One Step Consulting, Inc*. L 4268971, 2 -3 (D.Colo. 2007). Defendants must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is greater than $75,000. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

9. Besides the Complaint, there is other documentation a defendant may rely on for the basis of jurisdiction. *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008). A plaintiff's proposed settlement demand is reasonable evidence of the amount in controversy if it reflects a reasonable estimate of plaintiff's claim. *Id*. While the use of a settlement demand at trial is impermissible, the court may consider such a demand when deciding this jurisdictional question. *Id*.

10. The Allstate policy in questions had limits of $100,000/$300,000 per person/per occurrence.

11. Haynes and Allstate do not agree on the value of her claim for uninsured motorist ("UM") benefits.

12. In her Complaint, in addition to her claimed injuries and damages set forth above, Haynes also seeks expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, and interest from the time of the occurrence, and post-judgment interest at the requisite rate. (**Exhibit A**, ¶ 184.)

13. Pursuant to the Colorado Court of Appeals case, *Hansen v. American Family Mut. Ins. Co.*, *Hansen v. Am. Fam. Mut. Ins. Co.*, 383 P.3d 28 (Colo. App. 2013), *rev'd on other grounds,* 375 P.3d 115 (Colo. 2016), if Plaintiff proves her damages are equal to or exceed the $100,000 policy limits, proves she is entitled to benefits under the policy, and proves those benefits were unreasonably delayed and denied, she is entitled to collect the policy limits of $100,000, plus two times the covered benefit, equaling a total of $300,000, plus attorney fees. Thus, pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, Plaintiff's allegation that Defendant has delayed or denied the payment of benefits without a reasonable basis may meet the jurisdiction threshold on its own.

14. Attorney's fees may be used in calculating the necessary jurisdiction amount in a removal proceeding when recovery is permitted by statute. *See*, *Jones v. American Bankers Ins. Co. of Florida*, 2011 WL 2493748, *4 (D.Colo. 2011).

15. Plaintiff's Civil Case Cover Sheet also indicates her claim seeks a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties

or punitive damages, but excluding interest and costs. (**Exhibit C**, District Court Civil Case Cover Sheet.) The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)."); *see also Kuzava v. United Fire & Cas. Co.*, 2018 WL 1152266, at *4 (D. Colo. Mar. 5, 2018) ("There is no dispute that Defendant satisfied this initial burden based on Plaintiffs' Amended Complaint and civil cover sheet, both of which indicated that the amount in controversy well exceeded the $75,000 requirement.")

16. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

17. Pursuant to 28 U.S.C. § 1332, this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between citizens of different states."

18. Further, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business . . . ."

19. Pursuant to 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined and served as defendants** is a citizen of the State in which such action is brought." (emphasis added)

20. Here, Haynes filed her Complaint July 29, 2019, and Allstate is the only defendant who has been **properly** joined and served.

21. "An action which does not involve a federal question may be removed to Federal Court only if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought." *Hudler v. Wilson*, 376 F. Supp. 592, 592 (D. Colo. 1974). "In interpreting § 1441(b), 'served' should be given meaning, and the most natural reading of 'properly joined and served' is that the forum defendant rule applies only to defendants who have been properly joined and properly served." *Magallan v. Zurich Am. Ins. Co.*, 228 F. Supp. 3d 1257, 1260 (N.D. Okla. 2017) (emphasis in original).

22. Ms. Montoya has not been properly served as of the time of this filing. The affidavit of service filed by Plaintiff shows that service was allegedly made on Ms. Montoya's administrative assistant. (*See* Affidavit of Brittney Montoya, attached as **Exhibit D**.) Ms. Montoya does not have an administrative assistant. *Id.*

23. Additionally, while Plaintiff asserts a claim against Ms. Montoya, Plaintiff has no cognizable claim and Ms. Montoya has been improperly joined under the doctrine of "fraudulent joinder."

24. "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation omitted).

25. "Fraudulent joinder need not involve actual fraud in the technical sense." *Brazell v. Waite*, 525 Fed. Appx. 878, 881 (10th Cir. 2013) (unpublished). "Instead, it can occur when the plaintiff joins a "resident defendant against whom no cause of action is stated" in order to prevent removal under a federal court's diversity jurisdiction." *Id.*

26. "[I]t is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967)

27. Ms. Montoya is an adjuster, not an insurer, and Haynes has no legally valid claim against her. Claims for unreasonable delay or denial in the payment of benefits may only be pursued against insurers, not against individuals merely involved with processing or evaluating the claim. *Riccatone v. Colorado Choice Health Plans*, 315 P.3d 203, 209 (Colo. App. 2013). Ms. Montoya is not a party to the contract and owed no individual duty to Haynes.

28. Jurisdiction of this Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332, as there is no forum defendant who has been properly joined and properly served.

29. Jurisdiction of this Court is also proper due to the fraudulent joinder of Ms. Montoya. A fraudulently joined defendant who is a resident of the forum state will not defeat diversity.

30. Since Plaintiff's Complaint was served on August 1, 2019, the time period for allowance of removal has not expired. The Return of Service on Allstate is attached as **Exhibit E**.

31. The Affidavit of Service showing ineffective service on Brittney Montoya is attached as **Exhibit F**.

32. Pursuant to 28 U.S.C. § 1446(a), "all process, pleadings, and orders" are attached hereto.

**WHEREFORE**, Defendant requests that the above-entitled action be removed from the Adams County District Court to the United States District Court of Colorado.

DATED: August 22, 2019

Respectfully submitted,

By: *s/ Kurt H. Henkel*
Kurt H. Henkel
Winslow R. Taylor, III
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue

> Centennial, CO  80111-6714
> Phone:  (303) 694-9300
> Fax:  (303) 694-9370
> E-mail: khh@tucker-holmes.com
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

DezaRae D. LaCrue, Esq.
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Aurora, CO 80014
Lacrued@fdazar.com
*Attorney(s) for Plaintiff*

> *The duly signed original held in the file located at Tucker Holmes, P.C.*
>
> /s/ Kurt H. Henkel
> Kurt H. Henkel